(October 13, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVERT BENDER, Appellant. [680 NYS2d 479] —Judgment, Su-

preme Court, New York County (Dorothy Cropper, J.), rendered January 16, 1996, convicting defendant, after a jury trial, of reckless endangerment in the first degree and criminal possession of stolen property in the third and fifth degrees, and sentencing him, as a second felony offender, to two consecutive terms of 3½ to 7 years to run concurrently to a term of 1 year, unanimously affirmed.

Evidence of a traffic accident was properly introduced where defendant first raised the issue of the accident in an effort to establish that the arresting officers had beaten defendant because two other officers were injured as a result of the chase. Once defendant thus opened the door, the People properly elicited further clarifying information about the accident (*see, People v Melendez*, 55 NY2d 445). The court's use of "drag racing" as one of several examples of "depraved indifference" in its supplemental charge was not prejudicial, because the allegations against defendant did not involve "racing" (*People v Hommel*, 41 NY2d 427).

We perceive no abuse of sentencing discretion.

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Lerner, P. J., Wallach, Rubin and Saxe, JJ.